UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>EFREN AVILEZ-LOPEZ,<br><br>      Defendant. | Case No. 1:23-cr-00153-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is non-party Malheur Enterprise's Motion to Unseal Sentencing Documents. Dkt. 75. For the reasons outlined below, the Court finds good cause to GRANT in PART and DENY in PART the motion.

## II. BACKGROUND

Malheur Enterprise is a small, family-owned news organization located in Vale, Oregon. *Id*. at 1.[1] On February 27, 2024, Malheur Enterprise filed a Request to Unseal Sentencing Documents related to Defendant Efren Avilez-Lopez.

In this criminal case, Avilez-Lopez pleaded guilty to one count of possession with intent to distribute methamphetamine (Dkt. 41) and the Court sentenced him to 108 months imprisonment to be followed by three years of supervised release (Dkt. 69).

---

[1] Malheur Enterprise claims to be acting pro se in making its informal request for records. While the Court is issuing this Order in response to Malheur Enterprise's informal request, it must be noted that an entity cannot represent itself pro se in court. *See, i.e., Lietz v. Drug Enforcement Administration*, 2022 WL 17362061 (D. Id. 2022); *Hall v. Childers*, 2017 WL 8944051 (D. Id. 2017).

ORDER - 1

Malheur now seeks the unsealing of three documents: United States Probation and Parole's Sentencing Recommendation (Dkt. 61), Avilez-Lopez's Sentencing Memorandum with its attached documents (Dkt. 66), and the Court's Statement of Reasons (Dkt. 71). The Court gave any party wishing to weigh in on the request an opportunity to respond. Dkt. 76. Avilez-Lopez filed a partial objection to the request (Dkt. 78); the Government did not file a response.

### III. LEGAL STANDARD

Historically, courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). However, this right to access judicial records is not absolute. *Kamakana*, 447 F.3d at 1178. A court may override the common law right of access if there are "sufficiently important countervailing interests." *San Jose Mercury News, Inc. v. U.S. Dist. Court—Northern Dist. (San Jose)*, 187 F.3d 1096 (9th Cir. 1999). Malhuer Enterprise relies on several cases for its position that there is a strong presumption of public access to court proceedings and documents under the First Amendment. However, each of those cases are civil cases not criminal cases.

When considering a motion to unseal records in a criminal case, a court may use its discretion, especially when the documents contain sensitive information. *United States v. Craver*, 2020 WL 1139501 (D. Mont. 2020). A party seeking to unseal a record that has been sealed for compelling reasons must "show an adequate need for the information sufficient to overcome this compelling reason" for maintaining the record under seal.

ORDER - 2

*United States v. Hickles*, 2019 WL 3067280, *1 (W.D. Wash 2019).

## IV. ANALYSIS

As noted, Malhuer Enterprise requests that three documents be unsealed: Probation's Sentencing Recommendation (Dkt. 61), Avilez-Lopez's Sentencing Memorandum including attachments (Dkt. 66), and the Court's Statement of Reasons (Dkt. 71). It contends the materials are necessary in order to "provide the public a fuller understanding of the criminal conduct that is imposing untold misfortune on the Treasure Valley, including the people of Malheur County." Dkt. 75, at 2. The Court will analyze the right to access each of these documents separately.

### A. Probation Officer's Sentencing Recommendation (Dkt. 61)

Generally, presentence reports, including the probation officer's sentencing recommendation, are for the benefit of the Court and "will not be disclosed . . . to any other person or party" without special permission from the Court or Chief United States Probation Officer.[2] Dist. Idaho Loc. Civ. R. 32.1(a)(2).

In this case, the Court finds that Malhuer Enterprise's Motion to Unseal Avilez-Lopez's sentencing recommendation does not overcome the inherent presumption of confidentiality. In general, a sentencing recommendation includes the defendant's medical history, mental history, and past criminal history unrelated to the crime he is being sentenced on. The need for privacy and to protect sensitive information outweighs the

---

[2] Due process is satisfied when the probation officer's sentencing recommendation is kept confidential so long as any factual information in that recommendation that the court relied upon in sentencing was disclosed during sentencing. *See,* U.S. v. Whitlock, 639 F.3d 935, 940 (9th Cir. 2011). So, any need for facts the court relied upon regarding sentencing could have been obtained by attending sentencing.

ORDER - 3

public interest in unsealing this type of record.

### B. The Defendant's Sentencing Memorandum (Dkt. 66)

Courts in the Ninth Circuit recognize a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). However, the Court may, at its discretion, choose to seal records if there is a compelling reason to do so. Although a party or non-party may request that the court unseal a record, if it does not show an adequate need for the information, the court should maintain it under seal. *See Hickles*, 2019 WL 3067280 at *1.

Here, the Court finds that a compelling reason to maintain the sealed status of the sentencing memorandum exists due to the personal, sensitive information contained within the memorandum. That said, Avilez-Lopez agreed to voluntarily redact certain sensitive information and has agreed to the release of that redacted copy. Dkt. 78, at 5. Accordingly, the Court sees fit to release only a redacted copy of the sentencing memorandum, once it is filed by the Defendant, to balance the public's interest in this information and the need for privacy. It will retain all attachments to the sentencing memorandum under seal.

### C. The Court's Statement of Reasons (Dkt. 71)

A court may choose to maintain sealed a statement of reasons if it includes sensitive information. *See, e.g., United States v. Craver*, 2020 WL 1139501, *2 (D. Mont. 2020) ("The . . . Court's statement of reasons [is] not available in the public record. Sealing these documents is intended to protect defendants and third parties.").

Similar to its holding regarding Probation's sentencing recommendation, the Court

finds that Malhuer Enterprise's interest in unsealing the Court's statement of reasons is outweighed by the need for privacy and to protect sensitive information not meant for the public.

## V. ORDER

The COURT hereby ORDERS:

1. Malhuer Enterprise's Motion to Unseal (Dkt. 75) is GRANTED in PART and DENIED in PART. The Motion is granted in that the Court will place in the public record a redacted copy of Avilez-Lopez's Sentencing Memorandum (Dkt. 66). Defendant has two weeks from the date of this Order to submit the redacted copy of the Sentencing Memorandum without any attachments. The Motion is denied in all other respects.

DATED: June 13, 2024

_____
David C. Nye
Chief U.S. District Court Judge