UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EFREN AVILEZ-LOPEZ,<br><br>    Defendant. | Case No. 1:23-cr-00153-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Efren Avilez-Lopez's Motion for Compassionate Release. Dkt. 85. The Government opposes the Motion. Dkt. 87.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Avilez-Lopez's Motion.

## II. BACKGROUND

### A. Factual Background

On April 15, 2023, Avilez-Lopez distributed 2,182.88 grams of methamphetamine to an undercover officer. On April 25, 2023, he distributed an additional 8,589.1 grams of

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

methamphetamine to another undercover officer. He was subsequently arrested on June 14, 2023.

On June 13, 2023, a Federal Grand Jury filed an indictment against Avilez-Lopez alleging four methamphetamine-related crimes. *See generally* Dkt. 2.

On November 20, 2023, Avilez-Lopez pleaded guilty to a single count of possession with intent to distribute methamphetamine. Dkt. 48. On February 12, 2024, the Court sentenced him to 108 months imprisonment followed by three years of supervised release. Dkt. 69. The 108-month term of imprisonment was the minimum recommended under the U.S. Sentencing Guidelines. Dkt. 41, at 3.

The Presentence Investigation Report noted that Avilez-Lopez suffered from coronary artery disease, hypertension, gout, elevated blood pressure, a temporal lobe stroke, and a 4 mm aneurysm in his left middle cerebral artery. Dkt. 55, at 10. The Court considered all of Avilez-Lopez's medical conditions, as well as his age—81 at the time—as part of sentencing. Dkt. 82, at 16, 18.

Avilez-Lopez is currently incarcerated at the Federal Correctional Institution in San Pedro, California ("FCI Terminal Island") and has an expected release date of February 13, 2031.

**B. Procedural Background**

Avilez-Lopez filed a request for compassionate release with the warden of his facility in the fall of 2024.[2] The warden denied his request.

---

[2] There is a minor discrepancy between the parties on exactly when Avilez-Lopez submitted his request to the Warden at FCI Terminal Island and when it was denied. Neither party has included a copy of the request

MEMORANDUM DECISION AND ORDER - 2

On April 15, 2025, Avilez-Lopez filed the instant Motion for Compassionate release with the Court. Dkt. 85. In his motion, Avilez-Lopez contends extraordinary and compelling reasons related to his health and age merit his early release. Dkt. 85, at 4. These included "two heart attacks, a stroke, and possible prostate cancer", kidney and liver failure, high blood pressure, high cholesterol, gastritis, podiatry issues, "a degenerated hip" which required him to use a cane to walk. Dkt. 85, at 6. Avilez-Lopez also explains that he is "now almost 84 [years] old". *Id*.

The Court set a briefing schedule (Dkt. 86) and the Government responded in objection (Dkt. 87). Avilez-Lopez did not reply. The matter is ripe for review.

### III. LEGAL STANDARD

Avilez-Lopez seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter

---

or denial, but both references dates in or around October and November 2024. Importantly, the Government does not contest exhaustion. Dkt. 87, at 2.

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

MEMORANDUM DECISION AND ORDER - 3

criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy

MEMORANDUM DECISION AND ORDER - 4

highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his current Motion, Avilez-Lopez did not include a copy of his request to the Warden of his facility, nor did he include the Warden's response denying his request. However, as explained, the Government does not contest that Avilez-Lopez sent a request to the Warden at FCI Terminal Island sometime in the fall of 2024. Since thirty days have elapsed between Avilez-Lopez's filing with the Warden and the instant Motion, this Court finds exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Avilez-Lopez's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Avilez-Lopez bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

The Court begins by noting that Avilez-Lopez suffered at sentencing from many of the same ailments he complains of now. The Presentence Investigation Report discussed his age and health issues, his counsel discussed them at sentencing, and the Court discussed his conditions when determining the appropriate sentence to impose. *See generally* Dkt. 82.

U.S.S.G. § 1B1.13(b) allows for a reduction of sentence if a defendant has substantially diminished capacity, the inability to provide self-care, or requires long-term or specialized medical care that cannot be provided by the BOP.

Avilez-Lopez does not allege that his ability to care for himself has diminished to any substantial extent. His medical conditions and his reliance on a mobility aid do not preclude him from completing daily tasks or caring for himself. Nor has he alleged that his medical needs are not being met by BOP medical staff. His medication, mobility aid, and other medical care appear consistent with all applicable BOP procedures and policies. In short, Avilez-Lopez has not met his burden to show that he is unable to provide self-care or that he requires specialized medical care beyond what the BOP has provided or can

provide.

Avilez-Lopez has produced a long list of ailments, but health challenges alone do not constitute an extraordinary or compelling case for release after serving just 16 months of a 108-month sentence. Should Avilez-Lopez's condition deteriorate significantly in the future or should he find himself without access to adequate medical care, he can petition the Court anew.

Finally, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against any further reduction at this time.[4] Avilez-Lopez's conduct in this case shows that he is a pernicious danger to society. Avilez-Lopez repeatedly transported enormous quantities of methamphetamine, a dangerous controlled substance, to undercover officers. Dkt. 62, at 4.

For these reasons, the Court feels society is best protected by Avilez-Lopez's continued incarceration at this time, and further, that a reduction in his sentence would not be consistent with the relevant § 3553(a) factors.

---

[4] This code section provides:

> Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

## V. CONCLUSION

Avilez-Lopez exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence at this time. Accordingly, Avilez-Lopez's Motion for Compassionate Release is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Avilez-Lopez's Motion for Compassionate Release (Dkt. 85) is **DENIED**.

DATED: July 14, 2025

David C. Nye
Chief U.S. District Court Judge