UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EFREN AVILEZ-LOPEZ,<br><br>Defendant. | Case No. 1:23-cr-00153-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Efren Avilez-Lopez's Motion for Reconsideration for Compassionate Release. Dkt. 90. The Government did not respond to the Motion and the matter is now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

The Court's previous Memorandum and Decision Order (the "Order") (Dkt. 89)

thoroughly reviewed the factual background of this case. That factual background is hereby incorporated by reference. In the Order, the Court denied Avilez-Lopez's Motion for Compassionate Release finding he had not presented any "extraordinary or compelling" reason justifying an early release. Dkt. 89. Eleven days after the Court issued the Order, Avilez-Lopez filed the instant Motion for Reconsideration for Compassionate Release. Dkt. 89.

### III. LEGAL STANDARD

While the Federal Rules of Criminal Procedure do not explicitly address motions for reconsideration, the Ninth Circuit has held parties may seek reconsideration in the criminal context. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). In both civil and criminal cases, however, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *United States v. Rodriguez-Vasquez*, 4 F. Supp. 3d 1146, 1156 (N.D. Cal. 2013).

Generally, reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or if there is a change in law in the time between the district court's order and the movant's request for reconsideration. *Rodriguez-Vasquez*, 4 F. Supp. 3d at 1156 (quoting Sch. Dist. No. 1J, *Multnomah Cnty. Or. V. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). In addition, a district court has inherent authority to modify, alter, or revoke non-final orders.

*United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990).[1]

## IV. ANALYSIS

Avilez-Lopez's Motion for Reconsideration can be most readily understood as arguing that the Court committed clear error in denying his request for compassionate release; or alternatively, that the denial of his request was manifestly unjust.

In evaluating motions for compassionate release, district courts must first determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Here, the Court found Avilez-Lopez had exhausted his administrative remedies and could file in federal court.

Second, if the Court finds the exhaustion requirement met, it must determine whether "extraordinary and compelling reasons" warrant a reduction in sentence. *Id.* In making this decision, the court may, but is not required to, consider whether such a reduction would be consistent with the policy statements of the U.S. Sentencing Commission. *Id.*[2] Those policy statements suggest that a reviewing court consider a defendant's medical conditions, age, family circumstances, and other compelling factors. U.S.S.G. § 1B1.13 Application Note 1.

---

[1] Allowing reconsideration of non-final orders furthers the policy favoring judicial economy. *United States v. Jones*, 608 F.2d 386, 390 n.2 (9th Cir. 1979). The Supreme Court has indicated that it prefers reconsideration over appeal because plenary consideration of an issue by an appellate court ordinarily requires more time than is required if district courts have the opportunity to promptly correct their own alleged errors. *United States v. Dieter*, 429 U.S. 6, 8 (1976).

[2] See *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

In the Order, the Court determined, among other things, that Avilez-Lopez had not shown extraordinary and compelling reasons to support a reduction in his sentence. The Court recognized that Avilez-Lopez is older and has some health issues. Dkt. 89, at 6–7. The Court held, however, that Avilez-Lopez had not presented any information indicating he could not adequately care for himself or that his ailments could not be managed by BOP.

The Court's findings were not clearly erroneous, nor was the Order manifestly unjust. And in his Motion for Reconsideration, Avilez-Lopez provides no convincing argument that the Court's conclusions were either of those two things: erroneous or unjust. He simply disagrees with the Court, stating he is not a danger to society and that his age should be considered when looking at his time served. But the Court did look at his age—at sentencing (Dkt. 82, at 8–9) and in the prior motion (Dkt. 89, at 6–7). The Court also found there would be a significant disparity were it to release Avilez-Lopez after having served just 16 months of his 108-month sentence.

In short, Avilez-Lopez's disagreements with the Court's Order do not rise to the level of reconsideration. Moreover, he has not presented any new "extraordinary and compelling reasons" suggesting a reduction in sentence is warranted. The Court, therefore, denies Avilez-Lopez's Motion for Reconsideration. Should his circumstances change in the future, he can petition the Court again. But he cannot do so simply because he disagrees with the Court's decision.

## V. CONCLUSION

The Court finds that its Order denying compassionate release was not clearly erroneous, nor did it create manifest injustice. Accordingly, the Court DENIES Avilez-

MEMORANDUM DECISION AND ORDER - 4

Lopez's Motion for Reconsideration.

## VI. ORDER

The Court HEREBY ORDERS:

1. Avilez-Lopez's Motion for Reconsideration (Dkt. 90) is DENIED.

DATED: September 25, 2025

_____
David C. Nye
Chief U.S. District Court Judge