UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EFREN AVILEZ-LOPEZ,<br><br>    Defendant. | Case No. 1:23-cr-00153-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Avilez-Lopez's Second Motion for Compassionate Release (Dkt. 93) and the Government's Motion to Dismiss (Dkt. 95).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1]

Upon review, and for the reasons set forth below, the Court GRANTS the Government's Motion and Dismisses Avilez-Lopez's Motion for Compassionate Release.

## II. BACKGROUND

The Court previously reviewed the factual background of this case as part of Avilez-Lopez's first Motion for Compassionate Release. *See* Dkt. 89, at 1–3. That background is

---

[1] Although this is a criminal case, the local civil rule applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

incorporated by reference.

In its prior decision, the Court denied Avilez-Lopez's Motion for Compassionate Release finding he had not presented any "extraordinary or compelling" reason justifying an early release. Dkt. 89. Eleven days after the Court issued the Order, Avilez-Lopez filed a Motion for Reconsideration for Compassionate Release. Dkt. 89. The Court denied that Motion as well. Dkt. 91.

Six months later, Avilez-Lopez filed the instant Motion for Compassionate Release based on his medical conditions—the same reasons presented in his original Motion for Compassionate Release and his Motion for Reconsideration. *See generally* Dkt. 93. In response, the Government moved to dismiss alleging Avilez-Lopez failed to exhaust his administrative remedies. *See generally* Dkt. 95.

## III. DISCUSSION

Avilez-Lopez seeks compassionate release under the FSA, 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall

MEMORANDUM DECISION AND ORDER - 2

then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *Rodriguez*, 424 F. Supp. 3d at 680.

In this case, the Court never reaches the merits of Avilez-Lopez's motion because he has failed to comply with the applicable mandatory exhaustion requirements. The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Exhaustion under § 3582(c) is mandatory. As the Ninth Circuit has made clear, a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282–83 (9th Cir. 2021).

There is no evidence in the record to suggest Avilez-Lopez exhausted his administrative remedies before requesting relief from the Court. As the movant, Avilez-Lopez bears the burden of establishing eligibility for relief, including compliance with the statute's exhaustion prerequisite. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021). He has not done so. Because the Government has properly invoked exhaustion, the Court must enforce § 3582(c)(1)(A)'s mandatory requirement and dismiss the motion without reaching the merits.

---

describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

If Avilez-Lopez wishes to seek compassionate release, he must first submit a proper request to his warden seeking that specific relief, allow 30 days to lapse or fully exhaust the administrative appeals process, and then file a motion with the Court demonstrating compliance with the statute. Until such time, his motion is DISMISSED.

## IV. ORDER

The Court HEREBY ORDERS:

1. The Government's Motion to Dismiss (Dkt. 95) is GRANTED.

2. Avilez-Lopez's Motion for Compassionate Release (Dkt. 93) is DISMISSED for failure to exhaust.

DATED: May 20, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4